# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELONY WILDE,
Appellant,
vs.
STEVE WILDE,
Respondent.

No. 59211

FILED

APR 2 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
      DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND[1]

Upon their divorce in 2010, Steve and Melony Wilde executed a marital settlement agreement, in which Steve agreed to pay Melony $4,500 per month in alimony. In 2011, Steve moved to reduce his monthly alimony obligation due to a purported decrease in his monthly income. The district court granted Steve's motion to reduce his alimony payment—considering several factors; but not Steve's 2010 federal tax return. Melony maintained that NRS 125.150(7) required Steve to produce his 2010 tax return before the district court could modify the marital settlement agreement. Yet, the district court determined Steve was not required to submit his tax return; rather, the tax return was simply a "good starting point for determining income[.]" The issue here is whether the district court abused its discretion in declining to review Steve's 2010 federal tax return before granting Steve's motion to reduce his alimony payments. We hold the district court abused its discretion because NRS

---

[1]This is an appeal from a district court order modifying a marital settlement agreement. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

VACATED PER ORDER FILED 5/31/13.

13-12202

125.150(7) instructs the courts to consider the income of the party ordered to pay alimony, as indicated on the party's tax return from the preceding calendar year.

Under NRS 125.150(7), when a district court is determining whether to reduce an alimony award agreed upon in a marital settlement agreement "the court shall consider whether the [payor spouse's income], as indicated on the spouse's federal income tax return for the preceding calendar year, has been reduced to such a level that the spouse is financially unable to pay the amount of alimony the spouse has been ordered to pay." Here, 2010 was the preceding year; thus, the district court was required to consider Steve's 2010 federal income tax return to determine his income. We note that Steve's tax return was not required to be submitted into the record. An in camera review of Steve's tax return would have satisfied NRS 125.150(7), if other consideration so warranted. Accordingly we,

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
Rocheleau Law Group, PC
Pecos Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A